KARL VON PLATEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16959. Promulgated January 26, 1928.

*Philip H. Travis, Esq., Frank E. Seidman, C. P. A.*, and *Jacob S. Seidman, Esq.*, for the petitioner.
*Alva C. Baird, Esq.*, for respondent.

258

OPINION.

SIEFKIN: The issues in this case are limited to the question of whether there was a profit realized by the petitioner in 1921. That will be based, in part, on whether there was a taxable gain in 1921, and, in part, on whether there was a value to be assigned to a gift made to petitioner on November 16, 1920.

The evidence in this case discloses that Godfrey von Platen, on November 16, 1920, transferred an 8 per cent interest in an option in which he owned a large interest, to Heber W. Curtis, in trust for his son, Karl von Platen. It is shown that Godfrey von Platen at this time, as trustee, had made payments amounting to $56,000 to Frederick F. Ayer of Boston for the renewal of an option for a large tract of timber land located in the Upper Peninsula of Michigan, and upon the strength of the said option had made, at the time the gift was made, tentative contracts of sale of portions of the tract as follows:

| Name | Date | Considera-tion |
|---|---|---|
| A. H. Stange | Oct. 13, 1920 | $290,000.00 |
| Goodman Lumber Co | Oct. 22, 1920 | 123,500.00 |
| J. W. Wells Lumber Co | Nov. 1, 1920 | 302,405.95 |
| Marathon Paper Mill Co | do | 101,017.00 |
| Von Platen-Fox Co | About Aug. 1, 1920 | 1,040,507.14 |
| | | 1,857,430.64 |

In each case deposits of 25 per cent of the purchase price had been posted, except in case of Von Platen-Fox Co., and it had the purchase money on hand.

At the time of the gift the parties to the option had been working on the deal for nearly two years, all of the property had been cruised for Godfrey von Platen at large expense, and large tracts had also been cruised by independent cruisers acting for various prospective purchasers.

The title company, after a searching examination of the titles, had definitely agreed that they would guarantee the same if the deal was

made, and the deed to the property from Ayer was prepared and ready for delivery.

Von Platen had already paid Ayer some $56,000 for the options and extensions thereof, had also paid Newton $25,000 for his 10 per cent interest, and had incurred expenses for cruising and examination of title. All of this would be lost if the option were not exercised. The timber market at this time was good.

The petitioner contends that the respondent erred in not giving credit for and deducting the market value of the gift at the time it was made in determining the distributive share of petitioner, and that he also erred in holding that the petitioner realized a taxable income from said interest in the year 1921.

The respondent contends that the petitioner received at the time of the gift, only a beneficial interest, and, according to the terms of the trust, it was not certain that legal title would ever vest in him. It is argued that due to the fact that the petitioner had no control over the interest in the option, the said interest had little market value at the time the gift was made.

While it is true that the petitioner or his trustee could not have compelled Godfrey von Platen to exercise the option, yet, in light of the circumstances shown to have existed at the time the gift was made, it would seem that little doubt could be entertained that it would be exercised.

The total cost of the Ayer property, including taxes and expenses, was $2,419,296.89, and at the time of the gift total sales had been arranged in the amount of $1,857,430.64, leaving to the trust 91,053.32 acres of land containing thereon 225,584,000 feet of timber. The value of the land was shown to be $1 per acre and the value of the timber, as evidenced by the contracts already negotiated, except that with the Von Platen-Fox Co., which purchased the land and timber at approximately cost, was $8.02 per thousand feet. At these rates the remaining property, after deducting the amount due upon the original option, would have a value of $1,338,370.75. This does not take into consideration the amount which the parties agreed to pay von Platen for taxes for the year 1920, as no evidence is submitted as to these amounts.

From all these factors we conclude that the respondent erred in holding that an 8 per cent interest in the remaining property on November 16, 1920, had no value, since, in our opinion, the evidence shows that its fair market value was $107,069.66.

The respondent computed a deficiency in income tax for 1921 basing such deficiency upon an assumption that the petitioner in that year had a distributive share of $48,511.47 in the amounts received from the trust property, which amounts were paid to Ayer

upon the original option cost, and upon the assumption that the beneficial interest of the petitioner had no value at the time of the gift. At the hearing respondent conceded that such amount was not more than $39,747.09.

However, while we determine a value of $107,069.66 of the gift at the time it was made, the amount of $39,747.09 does not represent net income. Even if we consider that amount as having been constructively received by the petitioner in 1921 (because he became entitled to the legal title as well as the equitable title to 8 per cent of the option on December 9, 1921, when he became twenty-one), such amount would be income to him only if and to the extent that the $39,747.09 exceeded the basis of the petitioner's interest in the property. That there is no such excess is clear when it is marked that the basis which we have found is based upon the sales in immediate prospect at the time of the gift and which result in the said amount. There was, therefore, no taxable income to the petitioner in 1921 under such theory. And if we consider that the amount of $39,747.09 was disbursed by Curtis, as trustee for the petitioner, before December 9, 1921, it is equally clear that no income resulted to the petitioner, but that the income, if any, was that of the trustee, Curtis. Under no theory that we can conceive or that is suggested by respondent, did income result to the petitioner in 1921, when it is determined that the fair market value was as above stated. That is so whether November 16, 1920, or December 9, 1921, fixes the date of receipt by the petitioner, since the value was the same at either date.

*Judgment will be entered on 15 days' notice, under Rule 50.*